STATE EX REL. PRESCOTT ET AL V. HANOUSEK.

**1. SUPPLYING RULES FOR PROCEEDINGS IN ERROR.**

Where jurisdiction is conferred by the constitution upon an appellate court and the mode of procedure to bring a case before such court on error is indefinite and uncertain, or certain steps are entirely wanting, the court may prescribe the necessary rules, for, in such cases, it may be presumed that the legislature intended the common law procedure to apply.

**2. No SUCH RULE APPLICABLE TO APPEAL.**

No such rule is applicable in cases of appeal, to be tried *de novo* (the only meaning of appeal in Ohio), which was unknown to the common law and exists only by virtue of the statute; and the failure to prescribe such procedure amounts to a denial of jurisdiction in such cases.

**3. JURISDICTION CONFERRED BY STATUTE—RULES NOT APPLICABLE.**

And where jurisdiction is conferred by statute and no method of procedure is prescribed, the court is powerless to prescribe any rules and regulations, either in matters of appeal or matters of error.

**4. No Appeal from Justice to Insolvency Courts.**

Section 548-25a Rev. Stat., 93 O.L. 264, purporting to confer " original jurisdiction of appeals from decisions of justices of the peace, including error thereto etc.," upon courts of insolvency, in certain cities, provides no method of procedure, and as the court is powerless to provide them, the act in question confers no jurisdiction upon courts of insolvency.

**5. Defect Can Only Be Cured by Legislation.**

While the legistature probably intended, in providing for procedure after appeal, to include a method of taking the appeal, the act fails to so provide, and courts have no authority to interpolate the probable intention of the legislature. The defect can only be cured by legislation.

**6. Judgment in Partnership Name Owned by Individual.**

A judgment obtained by an individual under a partnership name, passes by his assignment for creditors, and in a subsequent action by the assignee it may be shown that the judgment, although obtained in the name of a partnership, was the individual property of the assignor.

Mandamus.

Caldwell, J.

One E. F. Saeltzer was doing business on Miles avenue in this city as The Miles Avenue Lumber & Coal Company, and he obtained a judgment against May in the name of The Miles Avenue Lumber & Coal Company, and averred in his bill of exceptions before the justice that the plaintiff, The Miles Avenue Lumber & Coal Company, was a partnership doing business in the state of Ohio.

E. F. Saeltzer, after obtaining the judgment, made an assignment for the benefit of his creditors to Prescott, the relator in this case.

The judgment obtained by Saeltzer against May was appealed by May to the court of insolvency.

Prescott, as the assignee of Saeltzer, asked the justice, the defendant, to disregard the appeal to the insolvency court and issue judgment for the collection of the judgment obtained in his court. This the justice of the peace refused to do, and this action is brought to require him to issue execution on that judgment, notwithstanding the appeal to the court of insolvency.

It is insisted, under the facts given above, that Saeltzer never had any judgment against May, and the judgment referred to is the judgment of a partnership of which he was one of the partners, and that it was never assigned to him; and that being true, there is no legal judgment now in favor of the assignee.

Mr. Saeltzer was placed on the stand to show that although he had a number of times admitted that The Miles Avenue Lumber & Coal Company was a partnership, yet in fact it was no partnership, and that he, individually and alone, was doing business under that name.

It is insisted that this cannot be done; but, having obtained the judgment under a representation that it was a partnership, that in this proceeding that judgment can not be modified so as to become the judgment of E. F. Saeltzer alone. But if the judgment was in fact always the judgment of E. F. Saeltzer and obtained in the name of The Miles Avenue Lumber & Coal Company, under which name he alone was the sole owner of the business, we think it is proper to show in this case that he is the sole owner and always has been the sole owner of the judgment referred to.

The only remaining question in the case is, is there any method in the state of Ohio prescribed by law for taking a case on appeal from the justice of the peace to the court of insolvency?

The authority conferred upon the insolvency court in cases of this kind is found in 93 O. L., 464, which provides that "In every county containing any city of the second grade of the first class, wherein a court of insolvency is established, said court shall have original jurisdiction of appeals from the decisions of justices of the peace, including error thereto, and also certification of proceedings by said justices of the peace in all civil cases, as fully and completely in every respect as is now possessed by the court of common pleas.

The last phrase read refers back to the expression, "shall have original jurisdiction of appeals from the decisions of justices of the peace, including error thereto, and also certification of proceedings by said justices of the peace in all civil cases, as fully and completely in every respect as is now possessed by the court of common pleas."

We find nothing in this part of the statute that prescribes any method of procedure in taking an appeal from justices of the peace to the insolvency court.

Further along in the statute, where it provides for the transferring of cases from the common pleas court to the court of insolvency, we find as follows: "The same to be there proceeded in as if the same had been originally commenced in said court of insolvency, having regard to the former proceedings therein." That refers only to the mode of proceedings after the case is in court.

And further along in the statute, in the last clause of it, it is provided: "And all laws now in force, or that may be hereafter enacted, regulating the mode and manner of proceeding in such cases by the common pleas court, shall be held and deemed to extend to the court of insolvency." That clause refers entirely to the mode of proceeding after the case is removed into the court; and we find no provision in the statute of the state, anywhere, prescribing the conditions and terms and formalities and various steps to be taken to take an appeal from a justice of the peace to the court of insolvency.

By the statute referred to, the insolvency court has jurisdiction of appeals, but whether that jurisdiction is one that will enforce itself or that the court itself can enforce to bring cases before it, is a matter that has been considered extensively by various courts. It is held that where the constitution itself bestows upon a court jurisdiction over a subject matter, if that court is an appellate court it may prescribe a mode and rules and regulations for bringing a case before it on error, but not upon appeal, to be tried *de novo*.

If the jurisdiction is conferred by statute as in this case, then the court, if no method is prescribed for bringing a case before an appellate court, is powerless to prescribe any method by rules and regulations, either in matters of appeal or matters of error.

It is held by many authorities that conferring jurisdiction upon an appellate court, without prescribing any mode of bringing the action into the court, is, in effect, denying the jurisdiction of the court.

It is a law that in cases of appeal to be tried *de novo* the party proceeds wholly and entirely by the authority of the statute. No such proceeding was known to the common law. This is not true of cases taken to an appellate court on error. To prosecute error to an appellate court was a right well recognized by common law. And hence the authorities differ in this: That where the mode of proceeding to get a case before an appellate court is indefinite and uncertain, or some steps are en-

State ex rel. Prescott v. Hanousek.

·tirely wanting in proceeding in error, the court may prescribe rules to aid and assist, for in such cases it is presumed that the legislature intended· ·the common law forms and procedure to be applicable; but in cases of appeal no such rule is applicable to the proceeding. That is purely stat-· utory. The party gets no right to appeal, except by virtue of the stat-ute. And hence, in appeals to be tried *de novo*, the courts uniformly ·hold that the statute must be strictly complied with in order to perfect the appeal. And it has been many times held, and, so far as I know, ·universally held, that if the party fails to comply with the method pre-scribed by statute in perfecting his appeal in any material part, the court ·gets no jurisdiction.

If these propositions are true, it seems to follow as a corrollary·to ·them that the court, without a method prescribed to bring before it an ·appeal, where the court is to try it *de novo*, can have no jurisdiction of ·the case and the authorities are not wanting that hold that this is the law.

If we are right in what we have said, that there· is no mode pre-scribed by law for carrying a case from the court of a justice of the peace ·to the court of insolvency, then it follows that it is impossible to get the case there on appeal, where the case is to be tried *de novo*, which is the ·only meaning of the word "appeal," in the state of Ohio.

It is likely, altogether likely, that the legislature may have intended that, where it says: "The same mode of procedure shall be followed in the court of insolvency that is followed in the common pleas court after ·a case is appealed there or transferred there from the court of common pleas."

The legislature may have thought it was covering the ground of proceeding, to get the case from the justice's court to the court of insol-vency, but it is not so provided in the statute; and it would be equiva-·lent, in our view of the matter, to legislating, to endeavor to interpolate it into the statute. It is likely that it is an oversight on the part of the legislature, and it is a defect that must be cured by that body, and that ·body alone.

As to the constitutionality of this matter, if we had this case on error and were reversing it, we would probably be called upon to decide that ·question. But the case being here on mandamus, and under the rule laid down in this state that the court will not pass upon the constitutionality ·of a statute if it is immaterial in the case being decided by the court, we ·do not undertake to determine as to the constitutionality of the statute above referred to, which pertains to the jurisdiction of the court of insol-·vency.

*A. B. Thompson* and *Laubscher & Kees*, for plaintiff.